UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| ALLISON Y. REDDICK and<br>TINA K. REDDICK,<br><br>                Plaintiffs,<br><br>v.<br><br>AXA EQUITABLE LIFE INSURANCE COMPANY,<br><br>                Defendant. | Case No. _____ |

## NOTICE OF REMOVAL

Defendant, AXA Equitable Life Insurance Company ("AXA Equitable"), hereby removes all further proceedings from the Circuit Court of the Eighth Judicial Circuit for Alachua County to the United States District Court for the Northern District of Florida. The basis for removal is as follows:

1. AXA Equitable is the Defendant in the civil action styled <u>Allison Y. Reddick and Tina K. Reddick v. AXA Equitable Life Insurance Company</u>, bearing civil action number 01-2013- CA 003649, filed in the Circuit Court of the Eighth Judicial Circuit for Alachua County, Florida (the "State Court Action").

2. The Summons and Complaint for the State Court Action were served on the Florida Department of Financial Services (the "Department") by U.S. Mail on August 16, 2013. The Department served AXA Equitable by electronic delivery on July 21, 2013. Thus, proper

service was made upon AXA Equitable on August 21, 2013.[1] This Notice of Removal is timely under 28 U.S.C. §1446(b) because it is filed within thirty days (30) of service of the Summons and Complaint on AXA Equitable. See 28 U.S.C. § 1446(b); Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1209 (11th Cir. 2008). Copies of the Department's Notice of Service of Process, the Summons and Complaint (including all exhibits to that Complaint) are attached as **Exhibit A.** In accordance with 28 U.S.C. §1446(a) and N.D. Fla. Local Rule 7.2, AXA Equitable states that it is in the process of obtaining all additional pleadings and papers filed in the State Court Action and will file these with this Court within ten days of filing this Notice of Removal. A copy of the State Court Action's docket sheet is attached as **Exhibit B.**

3. Venue of this removal is proper in the Northern District of Florida under 28 U.S.C. §1441(a) because the Circuit Court of Alachua County, Florida, is within the Northern District.

## Federal Diversity Jurisdiction

4. This Court has original jurisdiction of this action under the provisions of 28 U.S.C. § 1332 and it is one that may be removed to this Court by AXA Equitable pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action in which the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs,

---

[1] Plaintiffs erroneously attempted to effectuate service on AXA Equitable by personally serving AXA Equitable's registered agent through the sheriff of Leon County, Florida on August 5, 2013. Under Florida law, however, service of process on an insurance company is perfected only through service on the Chief Financial Officer of the Florida Department of Financial Services (the "DFS"), as agent of the insurer. See Fla. Stat. Ann. § 624.422 ("Service of process upon the Chief Financial Officer as the insurer's attorney pursuant to such an appointment shall be the sole method of service of process upon an authorized domestic, foreign, or alien insurer in this state."); see also Centex-Rodgers Const. Co. v. Hensel Phelps Const. Co., 591 So. 2d 1117 (Fla. Dist. Ct. App. 1st Dist. 1992). Therefore, Plaintiffs only properly served AXA Equitable through the DFS on August 21, 2013. Despite Plaintiffs subsequently obtaining proper service, Plaintiffs sought and obtained a Clerk's Default against AXA Equitable for failure to respond based upon the earlier improper service and have further sought to obtain a final judgment and an award of fees and costs in the State Court Action, all premised upon improper service. See Docket Sheet, attached as **Exhibit B.**

and is between citizens of different states. Removal is effectuated pursuant to the provisions of 28 U.S.C. § 1441 and is timely under the provisions of 28 U.S.C. § 1446(b) in that less than thirty (30) days have passed since receipt by AXA Equitable of formal service of process. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (1999) (thirty day period for removal is triggered by "simultaneous service of the summons and complaint or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service").

### a. Diversity of Citizenship

5. Plaintiffs Allison Reddick and Tina Reddick ("Plaintiffs") allege in their complaint that they reside in Alachua County, Florida. Plaintiffs are, therefore, deemed to be citizens of the State of Florida.

6. AXA Equitable is a corporation duly organized and existing under the laws of the State of New York, and has its principal place of business in the State of New York. Therefore, AXA Equitable is a citizen of New York. Because Plaintiffs are citizens of Florida and AXA Equitable is a citizen of New York, complete diversity of citizenship exists between the parties and the Complaint is removable on its face pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446. In the Complaint, Plaintiffs allege that AXA Equitable is a "foreign" corporation, but do not allege that AXA Equitable is a citizen of the State of New York. 28 U.S.C. § 1332 speaks in terms of "citizenship" for purposes of determining diversity. The Notice of Removal, however, corrects these technical impediments to removal by identifying the citizenship of the parties.

7. For purposes of diversity, this Court may consider the entire record presented to it for removal and not merely the Complaint. Woolard v. Heyer-Schulte, 791 F. Supp. 294 (S.D. Fla. 1992). The Woolard court held that a defendant seeking to remove an action based on

diversity of citizenship can supply the elements required to establish federal diversity jurisdiction in its removal papers. Woolard, 791 F. Supp. at 295; see also Baker v. Firestone Tire & Rubber Co., 537 F. Supp. 244, 246 (S.D. Fla. 1982); Estevez-Gonzalez v. Kraft, Inc., 606 F. Supp. 127, 129 (S.D. Fla. 1985). In Woolard, the court specifically rejected the argument that a court should only look at the face of a complaint when determining removal jurisdiction in diversity cases. Woolard, 791 F. Supp. at 295. The court stated that, if it adopted the face of the complaint rule:

> [D]efendants' statutory right to removal would be wholly contingent upon the Plaintiff's choice of words. If, for example, a citizen of Florida were suing a citizen of New York in Florida state court for a million dollars, he could foreclose the possibility of removal simply by omitting any allegation of the Defendant's citizenship. As the commentators have written, were this the rule, it would be a most undesirable one.

Id. at 296-97 (citations omitted); see also Wright v. Continental Cas. Co., 456 F. Supp. 1075, 1077 (M.D. Fla. 1978). Thus, it is evident from the Complaint and the Notice of Removal that diversity of citizenship exists.

8. Additionally, Federal Practice and Procedure by Wright, Miller & Cooper, explains that a federal district court's consideration of both the Complaint and the Notice of Removal is statutorily correct. Indeed, the failure to consider the Notice of Removal would deprive a defendant of the statutory right to remove. Section 3734 of Federal Practice and Procedure states:

> Fortunately, **in practice, the federal courts usually do not limit their inquiry to the face of the Plaintiff's complaint, but rather consider the facts disclosed on the record as a whole in determining the propriety of removal. Section 1446 [of 28 U.S.C.] makes it clear that this practice is correct**. The provision that a removal petition may be filed within thirty days of receipt of an "amended, pleading, motion, order or other paper" from which it first appears that the case is removable demonstrates that a variety of papers may be considered in determining the removability of a case and it has been so held. Similarly **there would**

> **be little point in requiring the petition for removal to contain a "short and plain statement" of the grounds for removal, if the federal court could not look to that statement to inform itself of the propriety of removal.**

14A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction, 2d, § 3734 (1991) (emphases added). To look strictly at the Complaint, and nothing else, would allow a plaintiff, either intentionally or unintentionally, to defeat a defendant's right to remove a case which in fact meets the diversity jurisdiction requirements by mischaracterizing or omitting relevant facts from the Complaint. 14A Wright, Miller & Cooper § 3734.

### b. Amount in Controversy

9. The Complaint alleges, *inter alia*, that on or about February 19, 2009, AXA Equitable, by its duly authorized agents, executed and delivered to Joseph L. Nickolls ("Mr. Nickolls") a flexible premium deferred fixed and variable annuity contract (the "Annuity"). The Annuity provided for certain death benefits payable to the designated beneficiary upon the death of Mr. Nickolls.

10. Plaintiffs assert that Mr. Nickolls passed away on February 28, 2013, and at the time of his death, Plaintiffs were the sole beneficiaries under the Annuity. In the Complaint, Plaintiffs allege that AXA Equitable is in breach of contract for failure to pay Plaintiffs the Annuity death benefit.[2]

11. Plaintiffs acknowledge that on February 15, 2013, a Final Judgment of Dissolution of Marriage was entered in Dixie County, Florida, which awarded Mr. Nickolls

---

[2] Due to adverse and competing claims of entitlement to the Annuity death benefits, AXA Equitable filed a Complaint for Interpleader in this District Court on July 31, 2013, naming Plaintiffs and the other competing claimants as defendants. The action in interpleader is styled *AXA Equitable Life Insurance Company v. Allison Reddick et al.*, bearing civil action number 13-cv-00148. A copy of the Complaint for Interpleader is attached as **Exhibit C.**

former spouse, Lorraine Nickolls', $371,716.01 of the death benefit payable under the Annuity. In the Complaint, Plaintiffs seek payment of the Annuity death benefit, along with accrued interest, less the $371,716.01 awarded to Ms. Nickolls. In the Complaint, Plaintiffs estimate the Annuity death benefit to be in excess of $800,000, exclusive of interest and costs. Complaint, ¶ 18. As established by the Complaint for Interpleader attached as **Exhibit C** to this Notice of Removal, the remaining Annuity death benefit due is $885,488.59.

12. In addition to the estimated $800,000 in actual damages, Plaintiffs contend that they are entitled to pre-judgment interest, costs, and reasonable attorneys' fees pursuant to Fla. Stat. § 627.428, should they prevail in this action. Thus, pursuant to 28 U.S.C. § 1332(a), this court has original jurisdiction over this civil action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

13. Written notice of the removal of this action has been mailed contemporaneously to Plaintiffs through their attorney of record, and a Notice of Filing Notice for Removal has been filed with the Clerk of Court for the Circuit Court of the Eighth Judicial Circuit for Alachua County, Florida, pursuant to 28 U.S.C. § 1446(d).

## Removal Jurisdiction

Based on a reasonable interpretation of the pleadings and the record before this Court, it is clear that Plaintiffs' claim places in controversy an amount in excess of this Court's jurisdictional minimum and that the parties are of diverse citizenship. Accordingly, Defendant AXA Equitable Life Insurance Company respectfully removes this action from the Circuit Court of the Eighth Judicial Circuit for Alachua County to this United States District Court and asks

that the United States District Court for the Northern District of Florida issue such orders and process as are necessary to preserve its jurisdiction over this matter.

Dated: August __28__, 2013

PETT FURMAN, PL
Attorneys for Defendant
2101 N.W. Corporate Blvd., Suite 316
Boca Raton, FL 33431
(561) 994-4311
(561) 982-8985 (fax)

By: s/Wendy L. Furman
    WENDY L. FURMAN
    Fla. Bar No. 0085146
    wfurman@pettfurman.com

Of counsel:

Stephen A. Serfass (pro hac motion to be filed)
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA  19103
215.998.2700 (phone)
215.988.2757 (fax)
stephen.serfass@dbr.com
andrew.campanelli@dbr.com

*Attorneys for Defendant AXA Equitable Life Insurance Company*

## CERTIFICATE OF SERVICE

I certify that on August __28__, 2013, I served the foregoing by electronic mail and U.S. Mail on the following:

> James F. Gray, Esq.
> Fla. Bar No. 318681
> Law Firm of Gray & Davis
> 3615-B N.W. 13th Street
> Gainesville, Florida 32609
> Telephone: (352) 371-6303
> Fax: (352) 371-4722
> Papagray1@aol.com
> JFGrayPA@aol.com
>
> *Attorney for Plaintiffs*

> s/Wendy L. Furman
> Wendy Furman